IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



TROY DEWYON DREW,

    Petitioner,

v.                                 Civil Action No. 3:11CV843

GENE M. JOHNSON,

    Respondent.

**MEMORANDUM OPINION**

Troy Dewyon Drew, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging the manner in which the Virginia Department of Corrections ("VDOC") has executed his sentence.[1] Respondent moves to dismiss on the ground that, <u>inter alia</u>, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Drew has responded. The matter is ripe for disposition.

**I. PROCEDURAL HISTORY**

**A. Pertinent State Proceedings**

On July 23, 1996, Drew was convicted in the Circuit of the City of Portsmouth ("Circuit Court") of robbery. <u>Commonwealth v. Drew</u>, No. CR96-1477, at 1 (Va. Cir. Ct. Dec. 10, 1996). On December 10, 1996, the Circuit Court sentenced Drew to an active

---

[1] The Court employs the pagination assigned to this document by the Court's CM/ECF docketing system. The Court corrects the capitalization to the quotations to the § 2254 Petition.

term of imprisonment of seven (7) months for that offense (hereinafter "the 1996 Sentence"). Id.

On July 15, 1997, the Circuit Court found Drew guilty of another robbery offense and of use of a firearm in the commission of a felony. Commonwealth v. Drew, Nos. CR96-1823-01, CR96-1823-02, at 1-2 (Va. Cir. Ct. Oct. 21, 1997). The Circuit Court sentenced Drew to eighteen (18) years of imprisonment for those offenses (hereinafter "the 1997 Sentence"). Id. at 1.

On or about December 31, 1997, Drew was transferred to the custody of the VDOC. (Mem. Supp. Mot. Dismiss Ex. C ("Brown Aff.") (ECF No. 16-4) ¶ 4.) On or about February 4, 1998, Drew received a Legal Update from the VDOC which reflected how the VDOC intended to execute his 1996 and 1997 Sentences. (Id. ¶ 5; Brown Aff. Encl. A, at 1.) Specifically, the Legal Update reflected that Drew's "TOTAL SENTENCE" was eighteen (18) years and seven (7) months and that all of his sentences would run consecutively. (Brown Aff. Encl. A, at 1-2.) The Legal Update listed a sentence start date of April 22, 1996. (Id. at 1.)[2] The Legal Update further reflected that Drew had 618 jail credit

---

[2] Thus, the VDOC commenced the running of Drew's sentences from his initial incarceration in the Portsmouth City Jail on April 22, 1996, prior to actual imposition of the 1996 Sentence.

2

days and his anticipated good time release date with a thirty-day adjusted discharge was February 27, 2013. (Id. at 1-2.) Over the ensuing years, Drew was convicted of a host of institutional offenses which has resulted in forfeiture of good time credits and periods of time where Drew failed to earn any good time credits. (See Mem. Supp. Mot. Dismiss Ex. A Encl. D (ECF No. 16-2) passim.)[3]

B. **Federal Habeas Petition**

On or around October 30, 2011,[4] Drew filed his § 2254 Petition in this Court. In the § 2254 Petition, Drew makes the following claims for relief:

Claim One  "Petitioner states the Defendant has not given Petitioner any of the preconviction or postconviction jail credit he (Petitioner) served while in jail which was 618 days." (§ 2254 Pet. 5.)

---

[3] In 2010, Drew filed a petition for a writ of habeas corpus in the Circuit Court. It is unnecessary to recount the history of those proceeding because the statute of limitations had expired almost a decade earlier. See infra Part II.B.

[4] The Court deems a § 2254 petition filed on the date that an inmate places the petition in the prison mailing system for mailing to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). Drew swears that placed his § 2254 Petition in the prison mail system on August 24, 2011. (§ 2254 Pet. 16.) The Court, however, did not receive the § 2254 Petition until December 19, 2011. (Id. at 1.) The in forma pauperis affidavit that accompanied the § 2254 indicates that it was not executed until October 30, 2011. (ECF No. 1-2, at 1.) Therefore, Drew could not have placed his § 2254 Petition in the prison mail system for mailing to the Court before that date.

Claim Two         "Petitioner states Defendant did not preconvictionally - postconvictionally credit Plaintiff's 7 month jail sentence already served." (Id. at 7.)

Claim Three       "Petitioner states that the states Defendant ranned [sic] Petitioner[']s 7 month time served conviction consecutively with his 18yr. sentence which he[']s serving making his 18yr. sentence excessive been [sic] such sentence has already been served and was never an [sic] consecutive sentence ordered by the courts in its sentencing order." (Id. at 8.)

Claim Four        "Petitioner states that the defendant is failing to provide Petitioner with an [sic] medical diet in keeping with Petitioner[']s serious medical needs . . . ." (Id. at 10.)

Initially, the Court notes that Drew cannot pursue claims pertaining to allegedly inadequate medical care in a petition for a writ of habeas corpus. See McCain v. Garrity, No. 3:02CV435, 2002 WL 32362032, at *1-2 (E.D. Va. July 16, 2002) (concluding a petition for a writ of habeas is not the appropriate vehicle for challenging allegedly inadequate medical care). Accordingly, Claim Four will be dismissed without prejudice to pursuing as a claim for relief under 42 U.S.C. § 1983.[5] As explained below, the statute of limitations bars the remainder of Drew's claims.

---

[5] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes

4

## II. ANALYSIS

### A. Statute Of Limitations

Respondent contends that the federal statute of limitations bars Drew's claim. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    **B. Running Of The Statute Of Limitations**

Because Drew challenges the execution of his sentence rather than the judgment of conviction, section 2244(d)(1)(D) controls the date on which the limitation period commences. See Childs v. Johnson, 3:09cv793, 2010 WL 5186757, at *3 (E.D. Va. Dec. 2010) (quoting Wade v. Robinson, 327 F.3d 328, 332-33 (4th Cir. 2003)). "[T]he relevant factual predicate for [Drew's] claims is [the] VDOC's calculation of his sentence." Id. (citing Wade, 327 F.3d at 333). The limitations period therefore began running on the date Drew could have discovered, through the exercise of due diligence, the allegedly illegal calculation of his sentence by the VDOC.

6

The February 4, 1998 Legal Update provided Drew with any information he needed to pursue his claims that the VDOC had failed to properly award him credit against his sentence for time served (Claims One and Two) or that the VDOC had improperly required him to serve his sentences consecutively (Claim Three). Thornton v. Dir. of Va. Dep't of Corr., No. 7:12-cv-00443, 2013 WL 589007, at *2 (W.D. Va. Feb. 14, 2013) (citing Wade, 327 F.3d at 333). Accordingly, Drew had one year, or until February of 1999, to bring his current claims for relief. Because Drew failed to file his § 2254 Petition until more than ten (10) years after that date, the statute of limitations bars the § 2254 Petition, unless Drew demonstrates entitlement to some later commencement date or equitable tolling. Neither Drew nor the record suggests any circumstances that warrant a later commencement of the limitation period or equitable tolling. Accordingly, the Motion to Dismiss (ECF No. 15) will be granted. The petition for a writ of habeas corpus will be denied and the action will be dismissed. Drew's Motion for an Evidentiary Hearing (ECF No. 19), Motion to Strike (ECF No. 20), two Motions for Sanctions (ECF Nos. 21, 22), and Motion for Rehearing En Banc[6] (ECF No. 25) will be denied.

---

[6] In the Motion for Rehearing En Banc, Drew requests that the Court revisit the December 21, 2012 Memorandum Order which

7

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Drew fails to meet this standard. A certificate of appealability will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Drew and counsel for Respondent.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 18, 2013

---

denied Drew's Motion for Summary Judgment and Motion for a Temporary Restraining Order. (Mot. Reh'g En Banc 1-2.)